# In the United States Court of Federal Claims

No. 21-736C
(Filed: August 9, 2021)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
GARY L. SWANSON,                                *
                                                *
            Plaintiff,                          *
                                                *
    v.                                          *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

## ORDER OF DISMISSAL
_____

**WILLIAMS**, Senior Judge.

      Plaintiff pro se Gary L. Swanson alleges that the United States and the State of North Carolina failed to intervene in a civil case he filed in the United States District Court for the Eastern District of North Carolina, Swanson v. Carolina Fresh Water LLC. Plaintiff also alleges that the New Hanover County Court failed "to use proper venue" in a foreclosure case for "over $75,000" in violation of "NC Judicial Rules and Procedures." Compl. at 2. Plaintiff requests that this Court award him "$450,000,000 for [an] 'Informers Reward'" from the North Carolina district court case and a "final settlement including misc. damages and [the] house and property" involved in the foreclosure case in New Hanover County. Id. at 3.

      On February 10, 2021, Defendant filed a Motion to Dismiss the Complaint, and Plaintiff's response to the motion was due by March 10, 2021. On April 8, 2021, the Court ordered Plaintiff to file a response to Defendant's Motion to Dismiss by May 3, 2021, and warned that failure to comply with the Court's order might lead to dismissal of the case. Plaintiff failed to file a response to Defendant's motion.

      On June 2, 2021, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims. Plaintiff's response to the Order to Show Cause was due by June 29, 2021. To date, Plaintiff has not filed a response to Defendant's Motion to Dismiss or this Court's Show Cause Order. Because Plaintiff has failed to timely respond to Defendant's motion or the Show Cause Order, the Court dismisses this action for failure to prosecute.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see Adkins v. United States, 816 F.2d 1580, 1582-83 (Fed. Cir. 1987) (upholding trial court's dismissal for failure to prosecute when plaintiffs failed to timely comply with court orders); Kadin Corp. v. United States, 782 F.2d 175, 176 (Fed. Cir. 1986).  Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . ." RCFC 41(b).  Thus, Rule 41(b) expressly permits a sua sponte dismissal for failure to prosecute.  "Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation." Barnes v. United States, 122 Fed. Cl. 581, 583 (2015) (citing Link, 370 U.S. at 629-30).

## Conclusion

Plaintiff's Complaint is **DISMISSED** for failure to prosecute pursuant to Rule 41(b).[1]  The Clerk is directed to enter judgment.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[1] In any event, Plaintiff has not established that this Court possesses jurisdiction to hear his suit, as this Court lacks jurisdiction to review the decision of a United States District Court and cannot entertain claims against states or municipalities. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); Adams v. United States, No. 07-908C, 2008 WL 4725452, at *2 (Fed. Cl. July 16, 2008).